UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:15-CV-00708-GNS

DAVID ESPINOZA, JR.                                                                                           PLAINTIFF

v.

UNITED STATES OF AMERICA                                                                         DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss, or alternatively, Motion for Summary Judgment (DN 8). The motion is ripe for decision. For the reasons stated below, the Court **GRANTS** Defendant's motion.

### I.      BACKGROUND

This action arises from the denial of benefits under the Servicemembers Group Life Insurance Traumatic Injury Program ("TSGLI") by the U.S. Army Human Resources Command ("HRC"). Plaintiff David Espinoza Jr. ("Espinoza") is a former military service member with documented lung issues dating from February 2002 until leaving the military on March 20, 2007. (Def.'s Mem. in Supp. of Mot. to Dismiss or for Summ. J. 1, DN 8-1 [hereinafter Def.'s Mot.]). Plaintiff filed a claim for benefits under the TSGLI on January 21, 2014. (Def.'s Mot. 1). The claim was denied by the HRC on February 19, 2014, on the basis that Plaintiff did not suffer a "traumatic event" needed to receive benefits under the TSGLI. (Def.'s Mot. 1-2).

## II.     JURISDICTION

The Court has jurisdiction over the parties pursuant to 38 U.S.C § 1975 as this action involves a dispute related to TSGLI.

## III.     STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is no genuine issue of material fact when "looking to the record as a whole, a reasonable mind could come to only one conclusion . . . ." *Mickler v. Nimishillen & Tuscarawas Ry. Co.*, 13 F.3d 184, 186 (6th Cir. 1993) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986)). "When moving for summary judgment the movant has the initial burden of showing the absence of a genuine dispute as to a material fact." *Automated Sols. Corp. v. Paragon Data Sys., Inc.*, 756 F.3d 504, 520 (6th Cir. 2014) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "The burden then shifts to the nonmovant, who must put forth enough evidence to show that there exists 'a genuine issue for trial.'" *Id.* (citing *Horton v. Potter*, 369 F.3d 906, 909 (6th Cir. 2004)).

While the Court views the evidence in the light most favorable to the non-moving party, the non-moving party must do more than merely show the existence of some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (citations omitted). Rather, the non-moving party must present specific facts proving that a genuine factual issue exists by "citing to particular parts of the materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute . . . ." Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-

moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252.

## IV. DISCUSSION

The United States argues that summary judgment must be granted in this matter because the denial of benefits was not arbitrary and capricious based on the administrative record. (Def.'s Mot. 15). The determination denying benefits is entitled to deference in this matter. "[I]n cases where Congress has simply provided for review, without setting forth the standards to be used or the procedures to be followed, this Court has held that consideration is to be confined to the administrative record and that no *de novo* proceeding may be held." *United States v. Carlo Bianchi & Co.*, 373 U.S. 709, 715 (1963) (citations omitted). The statute which grants the Court jurisdiction in this case, Section 1975, provides for judicial review without setting forth the standards to be used or the procedures to be followed. *See* 38 U.S.C § 1975. Therefore, the Court's review is confined to the administrative record. *Austin v. United States, Dept. of the U.S. Army*, 614 F. App'x. 198, 202 (5th Cir. 2015) (finding review was limited to the administrative record under Section 1975).

Challenges to the decisions of military correction boards, such as the HRC, are reviewable under the APA, which empowers courts to set aside final agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law . . . ." 5 U.S.C. § 706(2)(A). The arbitrary and capricious standard of review requires that deference be afforded to the reviewing agency. *Maple Drive Farms Ltd. P'ship v. Vilsack*, 781 F.3d 837, 852 (6th Cir. 2015); *Austin*, 614 F. App'x. at 205. The Court cannot vacate an agency's decision unless the agency:

> has relied on factors which Congress had not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that

> runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise.

*Nat'l Ass'n of Home Builders v. Defs. of Wildlife*, 551 U.S. 644, 658 (2007) (internal quotation marks omitted) (quoting *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983)). The agency's decision need only be based on substantial evidence in the record so a reasonable mind might accept the agency's conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

The Administrative Record reflects the HRC's decision was based upon Plaintiff's inability to establish a condition caused by a traumatic event. (Admin. R. 125, DN 8-2 [hereinafter "AR"]). The HRC's determination that Plaintiff failed to establish he suffered a traumatic event was not arbitrary and capricious. Plaintiff claims he was injured by inhaling gaseous fumes while on a tour of duty in Iraq on December 20, 2001. (Pl.'s Resp. to Mot. to Dismiss or Summ. J. 1-2, DN 11 [hereinafter Pl.'s Resp.]). The issue with this claim is it is *factually impossible* that Plaintiff was injured in Iraq in 2001 because Espinoza's first deployment to Iraq did not occur until March 2003.[1] (AR 138). Plaintiff neither offers explanation as to how he possibly could have been injured in Iraq prior to his deployment there, nor does he attempt to excuse his assertion alleging technical error. Instead, Plaintiff appears to have doubled down on this impossible claim by repeating it in both his Complaint and in his response to the motion before the Court. (Compl. 2, DN 1; Pl.'s Resp. 1, 2).

The HRC acted reasonably in rejecting Plaintiff's assertion that he was injured in the Iraq war in 2001 because such a claim is factual impossibility. Because Plaintiff cannot begin to establish the traumatic event occurred, let alone that his injury qualifies for benefits, the HRC's decision was not arbitrary and capricious.

---

[1] The United States military personnel did enter Iraq until March 19, 2003. (Def.'s Mot. 16).

Even if Plaintiff could establish that he inhaled toxic fumes while in Iraq, this would still not qualify as a traumatic event. Under the applicable regulations for TSGLI, the term "traumatic event" is defined as "the application of external force, violence, chemical, biological, or radiological weapons, or accidental ingestion of a contaminated substance causing damage to a living being occurring on or after October 7, 2001." 38 C.F.R. § 9.20(b)(1)

Plaintiff claims "inhalation" qualifies as "ingestion" under the TSGLI regulations and therefore the HRC's decision should be reversed. (Pl.'s Resp. 18). The plain meaning of the terms, however, refutes Plaintiff's assertion. "Inhalation" means to inhale, "[t]o breathe or draw in, esp. into the lungs" while "ingestion" means to ingest, "[t]o take in for digestion, as into the stomach." WEBSTER'S NEW COLLEGIATE DICTIONARY 431, 432 (1961). Even if Plaintiff could establish the claimed traumatic event even occurred, which he cannot, the event would not qualify for benefits, as Plaintiff claims he inhaled gaseous fumes rather than ingested any contaminated substance. (Pl.'s Resp. 8). Therefore, the HRC's denial of benefits was not arbitrary and capricious in this matter, and the Defendant's motion is granted.

## V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment (DN 8) is **GRANTED.**

**Greg N. Stivers, Judge**
**United States District Court**
March 25, 2016

cc: counsel of record